Ozell DOWERY, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8605–CR–546.

Supreme Court of Indiana.

Dec. 22, 1987.

Scott L. King, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal following a jury determination that appellant committed the crime of felony murder, I.C. 35–42–1–1(2). He received a thirty (30) year sentence.

Appellant urges on appeal that he was arrested without probable cause and that therefore the trial court erred by admitting

into evidence a statement he subsequently gave to police which was incriminating.

At the hearing outside the presence of the jury on appellant's oral motion to suppress, Detective Irons testified that he did not arrest appellant until appellant gave the incriminating statement. Irons related that he went to 1971 Pennsylvania Street, appellant's residence, and knocked on the door. Appellant then answered the door and Irons identified himself as a police officer. He questioned appellant and Verse Sanders, who was also present at the residence, concerning whether or not they knew the deceased, whose body was found behind the residence. Both admitted they did know him. Detective Irons then asked them to come to the station house for questioning, to which they agreed. At the station house he informed both of them of their rights and asked appellant and Sanders to submit to polygraph examinations. Appellant and Sanders each voluntarily took a polygraph examination. Following appellant's test, the officer who had administered it informed Detective Irons that appellant wished to speak with him and tell him what happened.

Detective Irons again read appellant his rights and appellant agreed to give Irons a statement. Irons, accompanied by appellant, then drove Sanders home as he had to go to work. When Irons and appellant returned to the station house, appellant was once more advised of his rights, executed a rights waiver form, and gave a statement incriminating himself in the robbery and murder of Craig Williams, whose body was discovered behind appellant's house. Irons testified that appellant voluntarily came to the police station, voluntarily took a polygraph test, and was not arrested until after he gave the incriminating statement. Further, the arrest report completed by Irons, in the space for a narrative recitation of events, states in its entirety: "THE ABOVE SUBJECT WAS PICKED UP FOR QUESTIONING OF THE HOMICIDE THAT OCCURRED 4-6-85 AT 1968 DELAWARE ST. VICTIM INVOLVED IN THE HOMICIDE WAS CRAIG H. WILLIAMS."

Appellant bases his argument that he was arrested without probable cause on the arrest report prepared by Detective Irons. In addition to the section for the narrative recitation of events, the report also contains blanks to be completed by the arresting officer. In the space entitled "LOCATION OF ARREST (ADDRESS)" Detective Irons typed "1971 PENN ST.", which is appellant's address. In the space entitled "DATE AND TIME ARRESTED" Detective Irons typed "4-8-85, 2:30 P.M.". Appellant contends that the arrest report proves he was arrested when Detective Irons came to the house. He argues that the address on the report outweighs both the narrative portion and Detective Irons' testimony and that the time indicated, 2:30 p.m., also shows he was arrested prior to giving the statement at 2:51 p.m..

The State acknowledges that there was no probable cause to arrest appellant prior to his incriminating statement. However, it asserts that he was not under arrest prior to that time. Appellant asserts otherwise.

"It is clear that if a confession is the product of an unlawful detention or an illegal arrest it is inadmissible. However, it is also clear that not every police-citizen encounter amounts to a 'seizure' of the person so that an arrest or unlawful detention has occurred. The test for determining whether a person has been 'seized' for Fourth Amendment purposes is whether, considering all the circumstances surrounding the police-citizen encounter, the defendant entertained a reasonable belief that he was not free to leave.

As a court of review, we review the question of the admissibility of a confession as we do other sufficiency matters. We do not weigh the evidence, but rather determine whether there was substantial evidence of probative value to support the trial court's finding. This is true even though conflicting evidence is presented on the issue of voluntariness." [citation omitted]

*Dunaway v. State* (1982), Ind., 440 N.E.2d 682.

The evidence presented by the prosecution was more than sufficient to support the trial court's determination that appellant was not arrested until after he made the statement, at which time police had probable cause to arrest him. Detective Irons explained the discrepancy in the arrest report, stating he put the address where he had picked appellant up for questioning rather than the station house address where the arrest occurred. He did not have a specific recollection of the time sequence involved. Appellant presented no countering evidence. Further, appellant did not even claim he was arrested at his house. Rather, at trial he testified as to having been arrested following the polygraph examination. The written arrest record therefore provides little support for the claim that appellant was arrested at his residence.

Further, we note that appellant's objection to the admissibility of his statement at trial was based on lack of proper foundation for its admission. Therefore, consideration of the legality of appellant's arrest is considered waived for purposes of appeal.

The trial court is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.